Well, good morning, counsel. I am looking here at my brief covers, and neither one of you are listed, but it's nice to see both of you. All right. Ms. Shareef. Good morning, Justices. Good morning, counsel. May it please the Court, Carla Shareef here on behalf of the plaintiff's affluent, Joseph Varan. The main issue before the Court this morning is whether the circuit court erred when it granted some adjudgment in favor of the defendant and against the plaintiff, where the evidence established that the defendant violated the FOIA by failing to timely respond to the plaintiff's FOIA request. In this case, the plaintiff submitted a FOIA request to the Illinois Secretary of State. The plaintiff requested documents from the defendant in whatever electronic form that the documents were maintained in. Subsection 3D of the FOIA Act specifically provides that upon receipt of a request that the public body must either comply with the request, deny the request, or timely request an extension. Now, when he submitted that, he did not submit it to the FOIA officer, correct? He did not. However, and that is one of the defendant's arguments, that he did not have to comply with the request because the plaintiff did not utilize the proper means of submitting the FOIA request. However, under Subsection 3C, the FOIA Act specifically provides that a requester may either request documents from the public body by personal delivery, by mail, by telefax, or by whatever means available to the public body. But they acknowledged receipt. And they acknowledged receipt on that very same day. And it also states information services versus home. The court also in that case noted that we find no provision in FOIA which directly answers the question as to who is the proper public body to whom to direct specific FOIA requests. And if you also look at Section 3C, it also specifically provides that once a public body receives a request, it shall immediately forward that request to the FOIA officer or designee. So there is nothing in the statute that says you are required to submit your FOIA request directly to the FOIA officer. Well, from the statement that you just made, just read actually, it sounds as if they almost contemplate that some requests will not be submitted to the FOIA officer. That is correct, Your Honor. And in fact, in the circuit court, in the defendant's verified answer to the complaint, the defendant admitted that electronic means is actually a method of delivery that is available to the Secretary of State. They also admitted that the e-mail address that they claim to use to submit the FOIA request is an e-mail address that is used for delivery to the Secretary of State. And also because the plaintiff had also submitted the request on the contact form webpage. And they also admitted that that is also a means of delivery that is available to the Secretary of State. Now, when they submit this request and they go to the section that your client went to, is there notice of cost for the fee, cost for the records? Okay, so because the plaintiff, Your Honor, requested the documents in whatever electronic format the documents remained in, section 6A is the provision that governs, and that section specifically provides that when a person requests documents from the public body in electronic format, that the public body must provide the documents in that format if feasible. If not feasible, they must provide it in the manner in which it is maintained. In our situation, the manner in which it is maintained is in an electronic format, and the defendant has admitted that it is in an electronic format. And subsection 6A goes on to state that the statutory provision for fees that have to do with providing paper copies does not apply to requests for documents that are to be submitted in an electronic format. And you have the cases that were cited in the brief, safe information services versus home, and also safe information services versus shore. It was like almost exactly at point where the plaintiff in that case also requested documents in an electronic format. And just as the defendant here, the public body in that case responded and said, well, even if we're going to provide the documents in an electronic format, you're still required to pay the fees because it is not the FOIA that governs, it's actually the property tax code act, the property tax act that governs. And the court in that case specifically rejected that argument, and it says based on the new FOIA act that the provision that governs the request for documents in an electronic format is subsection 6A. And the only cost that the public body can ask of the requester is only for the cost that is going to, the fees that will cost the public body to provide, to purchase that medium. So if it's a disk or a diskette or a CD, whatever the cost of that medium is to provide the electronic documents, that is the only cost that is permitted under subsection 6A. And so there's no additional administrative cost for time or anything that is identified. That is specifically prohibited. But in this case, unlike those other two witness age cases that you cited, in this case they actually had to copy the records, scan them, and then send them electronically. So there were additional costs incurred as a result. And that's what the plaintiff, that's what the defendant is arguing, that even if we are going, to be honest, they're not saying, if you look at the arguments, that it's not feasible to provide it. They're saying even if we're going to provide it, you still have to pay fees because we have to copy, we have to redact, and do all these things. Well, the plaintiff is saying, I'm not asking for certified copies, and there's nothing that needs to be redacted. However, irrespective of that, the statute says you cannot ask anything above the cost of the medium. And in the Sage case, specifically stated in that case, that Section 1 of the FOIA makes clear that providing records to citizens is a primary duty of public bodies, and the FOIA should be construed to this end. Fiscal obligations notwithstanding. So irrespective of the fact that the defendant is saying, well, we still have to do these administrative things, which is going to cost us, it is, you cannot pass on those costs to the plaintiff under Section 6A and based on the decisions in HUM and SHU. The only cost that can be incurred once the documents can be provided in an electronic format is the cost of the medium itself. For just a moment, I want to return to the issue of the request not being submitted to the FOIA officer. And one of the things that the defendant raised in their brief was that it could be inferred that plaintiff submitted his request, specifically not to the FOIA officer, and having done so previously in other occasions, in hopes that the department would not recognize it as a FOIA request and then neglect the time constraints. How would you address that? I see the argument. But even if that was defendant's and plaintiff's intent, it didn't work because they received it and they acknowledged it the same day. So even if some strange reason that was the plaintiff's intent, well, that he did not, that goal was not achieved because somebody responded, an official, a public officer responded that very same day in about an hour or so, acknowledging receipt of the document, of the request. So at that point, it was the duty of that public officer to immediately, as provided by Section 3C, to immediately forward the plaintiff's FOIA request to the FOIA officer or designee. So the request is made, this request, not a request, but this request was made identifying that this was a request for public records under all of the procedural safeguards of a FOIA request. Yeah, because what happened when the person responded on the 23rd, it says, well, it basically was mirroring the same response that they did for the first two requests, saying, well, you have to contact this department because you have to pay the fees. Well, under the FOIA, that is not a proper request. You're either going to comply, you're either going or you deny, or you request an extension. So there's no question of fact or any dispute as to whether or not the public body actually received the plaintiff's FOIA request. And as I stated out previously, the plaintiff did everything that it was required to do to properly submit this request by email address. So we have a form that appears to have been submitted in our record that says Freedom of Information Act Request Form. It's signed by the plaintiff's FOIA officer. It's signed by your client and has attached to it a company, a list of company name. That is the, that is what was sent and that is what was acknowledged. Right. That's an additional. So the, there was an email that was sent and then the form on the same day, like a few minutes apart, that form was also submitted. It's directly submitted on the website. There's a button at the bottom and you click on submit and it goes, who knows where, you know, it goes to wherever that form is intended to go. So there were two different forms. So the plaintiff actually submitted his request in two different manners on that same day and it was acknowledged by the public body on that same day. How do you respond to defense's argument that this was an undue burden? Okay. And that is, if you look in their briefs, I believe there is a certain, in their reply brief to their first motion for summary judgment, the defendant is basically saying that we are not doing any working on this particular matter. Asserting the undue burdensome exemption, though the fact they're saying it's voluminous and they would have to do all these things, they may not be saying it specifically, but there's an inference that they are trying to attempt to assert the undue burdensome exemption. However, the statute specifically provides under subsection 3D that if a public body violates the FOIA by not asserting the undue burdensome exemption, then the defendant is not doing any work on this particular matter. If the public body is not responding timely, then it cannot assert the undue burdensome exemption under section 3G. And even without, putting aside the fact that the defendant violated the FOIA, even under the normal circumstances, if you are going to assert an exemption under section 3G, there is a procedure that the public body has to go through to assert that exemption. It also does not alleviate the fact that they have to timely respond, they have to respond in writing, they have to inform the requester that the request is burdensome, they have to explain why it is burdensome, and they also have to give the requester the option to confer and to basically lessen his request or make his request more manageable. So even if that exemption or that was available to the defendant, it did not, it would still not be able to avail itself of that exemption because it did not follow the specific procedures and steps that it would have been required to do. So it kind of waived it. Right, you would have basically have waived it. So other than the acknowledgement the day this was sent, you say within the hour, when was the first, when was the next official response from the agency? August 31st, 2016. Okay, so that's about six months. Yes, so that was well beyond the time, the five business days that was required to respond to a FOIA request and you could also request an additional five business days exemption under Section E which was not done in a timely fashion. Okay, so the gist of the plaintiff's contention is that one, he made a proper request for documents. The request saw documents in an electronic format. The defendant admitted that the documents requested by the plaintiff are in fact maintained in an electronic format. The Business Corporation Act and the Limited Liability Company Act which the defendant is asserting saying, well, we have these two statutory bodies which say the fees cannot be waived and you have to in fact pay the fees, but those statutes specifically deal with providing paper copies to the plaintiff. Okay, this is rather interesting that this issue is coming up right now when apparently there is a big press conference going on about redaction of public records in Washington, but there is an issue here that the Secretary of State has said that they had to redact some information. You earlier said nothing needed to be redacted. Why did you say that? The plaintiff, there is an affidavit in the record that was supplied in the circuit court where the plaintiff is saying he has requested many times documents of this nature and none of these documents are ever redacted because there is no personal information within these documents that required the information to be redacted. But in any event, as I stated before, even if the public body is passed to or feels that it has it, if there is a need or requirement for it to redact this information, as the case provides and in keeping with the public policy surrounding the freedom of information and access to information by the citizens of the state, the case, the Sager case that I cited says, irrespective of fiscal obligations or responsibilities, once a document is requested, it should be redacted. And if it is requested in electronic format, if it's feasible to do so, which here it is, because they are maintained in electronic format, and you can charge no fee other than the cost of the media. But doesn't the Secretary of State in this case, who is the entity being requested to present this information, don't they have an obligation to make sure that there is no personal information or information that was either not requested or should not be revealed in this format? Absolutely, they do, Your Honor. And what I'm saying is, that is, their responsibility to do that is not something that you can pass on the cause to the plaintiff under subsection 6A of the FOIA and the case that have interpreted that, which is the HUM and the CERT. Well, but 6A has that little comma, if feasible, comma. And their argument, I believe, is that under the circumstances, although there is this format, it's not something that you can pass on the cause to the plaintiff. It's not feasible to present it as a whole. Yeah, but as I, Judge, I don't think they're not saying that it's not feasible. They're saying that we can give you the documents in electronic format. So it's not really saying it's not feasible. Saying something is not feasible means we just cannot do, there's no way for us to do this. They're saying we can give you the documents in electronic format, but guess what, you just have to pay for it. And they say it's an undue burden because we have to copy them, redact them, and send them back. And they are not entitled to that exemption, based on the circumstances here. You'll have an opportunity to reply. Mr. Siegel. And Mr. Siegel, just for my, because I practice this, how would your colleague's name be pronounced? Linda? Linda Watshin-Ansah, who is no longer with our office. I practiced to make sure I wouldn't embarrass her myself, and I know your name. Good morning, everyone. I'm Assistant Attorney General Evan Siegel, on behalf of Illinois Secretary of State Jesse White. And I want to begin with two important details at the outset, one legal, one factual issue. And the first is that Mr. Berenson has not met his duty as an appellant, if I've read the record correctly, to furnish this court with the transcripts that underlie the circuit court's decision that is at issue here. The circuit court granted some re-judgment to the Secretary for the reasons stated on the record, but we have an incomplete record. And that can result in forfeiture under Supreme Court Rule 323C and the appellate court's decision in Chicago Housing Authority v. Rose, 203 ILL-3, 208 FH-214. Second. But if we can determine from the order what the court did, we can still proceed and review that order, correct? The second point is something that the court touched upon, a question in counsel, but I just want to get into some of the issues of the record. Ordinarily, I wouldn't belabor the facts, and there's no more review, but the statement of facts in Mr. Berenson's brief is incomplete. We start in the middle of the story, as the court noted. Mr. Berenson made three different FOIA requests. The first was in May of 2014 to the FOIA officer. He asked for $9,000 to produce these documents, 850 different documents, seeking financial information about two dozen different entities. He didn't respond. The second time, about six months later in October 2014, to the same FOIA officer in the Secretary's office, he made an almost identical request. He was told it would cost $9,000. He didn't accept that offer either. Request number three is February of 2016, for some inexplicable reason, made via the Secretary's webpage devoted to inquiries about trademarks and service marks. And it's that third request through this unusual channel that's the subject of this action mainly. And this is the circuit court deemed to be our response to Mr. Berenson. The statement to him that he needed to present this to the FOIA officer, the circuit court called that a technical violation. But the court at the same time did question, as Justice Spence suggested, that whether Mr. Berenson chose to email the trademark and service mark address was an attempt to catch the Secretary in violation of FOIA. So he did it twice properly, and then he goes through the back door. And the statute, I mean, this whole scheme of statutory authority has been to get information to the public as requested, because in the past there was no standard way to do so. And there are FOIA officers that would seem to me to be, they'd have a purpose. But if the statute doesn't require that the request be made to the FOIA officer, then what's the purpose? Well, Your Honor, it's perhaps a triumph of hope over experience in terms of drafting. There isn't a lot of case law that I've seen about what qualifies as a bona fide request for information. The statute that the court was discussing mentions FACTS, the first FACTS machine, somewhere in the Secretaries of any offices across the state, perhaps in a facility where driver's licenses are issued in Winnebago County. Personal service, mail, I think phone calls are not mentioned, it has to be a documentation. So this really hasn't, the extent of this hasn't been tested to my knowledge. But the problem, Mr. Siegel, is that they acknowledged on that day that they received it. We did. So, you know, he could have been trying to go around the back door, and he could have been unsuccessful with going in the back door if that person had just moved it on, correct? It properly should have been transmitted to the FOIA office at that point. And the record doesn't reflect why that didn't happen. But that technical violation shifts us to the first of my two legal arguments. And that is that all that this meant was that Mr. Barron had the standing to bring this lawsuit as the circuit court. That technical violation got him into the circuit court, there was a cause of action. It does not mean, contrary to Barron's assertions, that he won the right to free access to hundreds of dollars. He was at no charge. So you're quarreling with the summary judgment? We are here on summary judgment, and the circuit court correctly held that because Mr. Barron never tendered payment, remember he was asked twice, we had no obligation to provide any documents. So you're saying this is an issue of fact, it's not an issue of law? No, it's an issue of law. But what that technical violation meant was only that Mr. Barron had standing to bring the lawsuit. He did not prevail. Perhaps this argument is better flushed out. I can switch to it now if you'd like about attorney's fees. Well, before you do, I have a question. I have a question about the whole idea that he was trying to circumvent the proper procedure. Because I guess my question is, is there any authority that you rely on to show that that is something that the court should consider? That inference that has been raised, perhaps, that that is in any way something that the court should consider? I think the court should consider it. I can't point you to authority standing here, Your Honor. I can send the court, I can double, redouble my efforts to check and see if there is something. But we still have this open question about the extent of 6A. Is it personal service if Mr. Barron sees Secretary of State White in the lobby of the Thompson Center or in a gymnasium after his personal time? Well, they're flipping. Exactly. And sends him and gives him an envelope with a FOIA request. I'm not sure that the draft of the 6A contemplated all of that. And at the time of this clause of action arose, we had on our website specific delineated sections about how to provide a FOIA request to the FOIA officer via a form on the website. And Mr. Barron dealt with the FOIA officer twice in a short period of time, two years earlier. Is that argument waived by the fact that the office itself acknowledges receipt of it the same day? In other words, does it matter? Well, we acknowledge receipt of it, but we didn't handle it. We thought it was an unusual request. We argued that in our briefs. I'm not sure that we waive or forfeit it. We didn't tender the documents at that time, unlike in the cases that we cited. Well, there was no response at that time, other than, hey, we got your request. Right. Stand by. Please do it correctly. But 3D gives you, what, like three options? To apply, to deny, or ask for an extension within five days. Correct. So how is it that, I don't know why I'm so loud, how is it that you can do, where do you get the authority to say, well, they came in the wrong way, therefore, we don't have to comply with 3D? I guess that's where I'm struggling. So I think the hinge language in Section 3D is to say, well, we're going to apply for an extension within five days. It's the receipt of the request. And that takes us to the question of, what is a request? Is it a request when you call somebody up in the Secretary of State's Driver's License Bureau and say, hey, I want these documents. Can you write this down for me? I can't get it to you in written form. Is that a request? We did acknowledge this as a record request. We received this request for documents and we didn't tender them within five days. But I want to stay with this Section 3D for a moment because there's nothing in Section 3D for the correlating Section 3F, which has to do with whether it's an extension of time that supports their argument that the result is that there is a free tender of documents. You've won the FOIA lottery and now the $19,000 worth of documents that you didn't want to pay for, they're yours for free. If you look further down in 3D, it says, a public body that fails to respond to a request within the requisite periods but thereafter provides the requestors, and I have an ellipsis in my speaking, with copies of the requested public records may not impose a fee. Well, that situation applies only when the public body provides the documents. So it doesn't apply that we didn't provide the documents. But you didn't deny them. We didn't deny, we made an exception. We did at that time in early 2016 after the extension. Later, we did when the request was sent to the FOIA officer after the lawsuit. But there's nothing in here that requires us to provide free documents, to provide the documents and then make a cost because we didn't provide the documents in the first place. And the reason that we didn't do that, as this Court has already, I'm sorry, just a second. We don't provide information free of cost because we are always, in one exception, not applicable here in a paper world, yes, we have documents that are kept in electronic form. It doesn't matter whether you ask for them in that format. We don't download our information to a disk drive or upload it to the cloud or just send it by email. It has to be handled as the Court already has pointed out. It must be printed out in abstract form, converted to paper so that people in the Secretary's office can review it, not for personal information in this instance, but pursuant to the administrative rules for financial information that must be redacted. And it's great that Mr. Barron thinks that, you know, nothing in 20 different companies, financial filings needed to be redacted, but that's not true under the law. 14 Illinois Administrative Code Section 150.621 requires confidential financial information in annual reports to be redacted. That's revenue, expenses, and everything that you expect with a small, closely held business to provide to the Secretary. So where is it in the statute, Mr. Siegel, that says you can charge for electronic copies other than the disk or whatever medium it's sent on? Where in the statute does it say, or you can charge fees if you have to copy it, scan it, redact, blah, blah, blah? I guess that's my question to you. How do you, other than saying it's an undue burden or, you know... I just want to be clear about the undue burden. We've abandoned that. But I mean, how do you get around that? So it's a couple of steps, but if you look at 6A, and Justice Hutchinson focused in on this earlier, the request has to be in electronic form if feasible. It's not here because of the redaction, and also the required certification. Every document has to have the Secretary's seal or something equivalent, or a stamp. And then further in 6A, it says, a public body may charge the requester for the actual cost of purchasing the recording medium, the disks, the diskettes. But if a request is not a request for a commercial purpose or voluminous, a public body may not charge the requester for the cost of any search and review of the records or other personal costs associated with reproducing the records. So we can charge for a commercial request. But he specifically said this is not for commercial purposes on his request. Right. So now we look to the two other statutes. It is the Limited Liability Corporations Act and the Business Act, which are cited in our brief. And those allow the Secretary to charge when the Secretary is, as always, except in one instance, in the paper world, $25 per document. And that one exception, which I alluded to earlier, is when we have a contract with a commercial provider like Westlaw, Lexis, or Bloomberg that they agree to abide by our terms. And then we do have a relationship in providing the information directly, electronically. But with an individual requester like Mr. Barron, there's never just a data download or an upload in PDF form. So we always must go into this paper stage and then maybe it's converted back to a PDF and sent. So you're never going to have an individual get records for free? Correct. We're never going to have an individual get records for free because we always must, at this point in time, do this paper process. And we are never going to provide or invest the person power in that work until we have payment in hand. And I'm going to rest on my briefs, unless the court has any questions. But Mr. Barron did not prevail because the circuit court did not order any relief. All the circuit court did was say you pass go, you've triggered a lawsuit. The second summary judgment did not order us to turn over any documents and provide them for free. There is no prevailing. Thank you, Your Honor. Thank you. Now since I didn't practice yours last night because Mr. Gervey was easy, Ms. Chivarese? Just a few points and rebuttal. Fence Counsel's first argument was that the plaintiff has not met his burden because the record is somewhat incomplete because it does not include copies of the transcript from the circuit court. However, because this is the standard of review on appeal, is de novo because we're asking the court to interpret statutes, so there is no difference that is given to the lower court's decision. The appellate court reviews the records and the documents in the same manner the circuit court would because it's simply an interpretation of statute and there are no questions of facts involved. So the fact that the transcript from the circuit court were not included as a part of the record is immaterial because the court has not been asked to make any factual determinations. Fence Counsel also said that in opining to the two prior requests that is at issue Fence Counsel did concede that the request should have been forwarded to the FOIA officer and it was not done. Also in their answer, it was a verified answer to the complaint, they did concede that they received the request, they did not comply, they did not deny the request nor did they timely respond. The only issue they're asserting is because of the LLC Act and the VC Act which is completely inapplicable because those are specifically dealing with when the requester is asking for documents in paper format. Again, section 6A is very clear, there's no ambiguity within the statute specifically says if the citizen, the requester requests the documents in electronic form irrespective of the fact that the public body has to do the research or has to do whatever it has to do prior to submitting the document in electronic format to the requester those fees cannot be passed on to the requester. They only allow statutory fees for the submission of documents in electronic format is the cost of the medium itself. But what we're getting down to here is this cost and I don't have the exact number because it's changed over a period of time are you saying that this then should be imposed or you're not paying it should be imposed as a sanction for their failure to act in a timely manner or that they're not entitled to it as a result because of the statutory authority? So those two points are accurate. First of all even without the violation my client was not required to pay the fees because he requested documents in electronic format. The documents are stored in electronic format so even under the statute itself under subsection 6A my client was not required to pay fees and then it added to that the fact that the public body violated FOIA that is another reason why my client even if there were fees that were supposed to be imposed that he's not required to pay those fees because there's a violation of FOIA. But according to counsel in terms of 6A it may not be feasible but they can't give you everything that's in the electronic format. So how do they take out those matters that are in the electronic format that you're not entitled to? So they're saying that they just have to redact them. They're saying that there's information there that they would have to redact and then re-scan the documents. Well as the state of course says that this may be a fiscal consideration but under the public policy having to do with the Freedom of Information Act that is something that the body sadly has to incur because it cannot pass that custom. So even if this had gone through as it did before FOIA, the FOIA officer, you could have come back at that point and said look, you're not entitled to anything and we would have had this lawsuit anyway even if they had not been so late in responding. Exactly. That is correct. But it didn't happen the first two times. Right. And even those first two times that the defendant has alluded to, even those responses were a violation of the FOIA because they were asking my client to pay for electronic documents which he was not required to do. So even if he could have brought a lawsuit back in 2014 when the defendant unlawfully repelled documents as requested. But as stated before, the request was received, just the defendant feels it's time to respond to the request so we would ask that the court reverse the decision. Thank you. Alright, thank you very much counsel for your arguments this morning. We will take the matter under advisement. We will issue a decision accordingly and we're going to take a brief recess to prepare for our next case.